UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:20-CV-00361-FDW

| | |
|---|---|
| ROMAN KOPTYUKH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    **ORDER** |
| | ) |
| MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorney Fees, (Doc. No. 25), which the Commissioner replied neither in support nor in opposition of, (Doc. No. 26). Plaintiff filed the instant motion pursuant to 42 U.S.C. §§ 206(B) and 406(b), seeking payment for attorney's fees in the amount of $15,000.00. (Doc. No. 25, p. 1.) This matter is now ripe for ruling. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

### STANDARD OF REVIEW

42 U.S.C. § 406(b)(1)(A) permits this Court to "determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." Upon application, courts should review contingency fee arrangements, such as the one at bar, under a reasonableness standard. Gisbrecht v. Barnhart, 535 U.S. 789, 809 (2002); Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005). In reviewing reasonableness of such agreements, a court should consider: (1) the overall complexity of the case; (2) the lawyering skills necessary to handle it effectively; (3) the risks involved; and (4) the significance of the result achieved. See Mudd, 418 F.3d at 428. However, when attorney's fees are

1

awarded under both the EAJA and 42 U.S.C. § 406(b), the attorney must refund the smaller fee to the claimant. See Gisbrecht, 535 U.S. at 796.

## ANALYSIS

Plaintiff's counsel seeks $15,000.00 in fees. (Doc. No. 25, p. 1.) Plaintiff's counsel filed a memorandum with attached exhibits in support of the motion. (Doc. Nos. 25-1–25-4.) Plaintiff's counsel provided an accounting of time expended, reporting 27.1 hours of attorney time spent on this case. (Doc. No. 25-2.) The Government neither supports nor opposes the motion. (Doc. No. 26.) Rather, the Government notes "[i]t is for the Court to decide if the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law." (Id., p. 2.)

Here, the fee agreement, between Plaintiff's counsel and Plaintiff, states Plaintiff's counsel is entitled to twenty-five (25) percent of Plaintiff's past-due benefits. (Doc. No. 25-3.) Notably, Plaintiff's counsel seeks less than twenty-five (25) percent, specifically slightly over seventeen (17) percent, of Plaintiff's back benefits. (Doc. No. 25, pp. 1–2.) The Court has carefully considered the relevant factors and the record, and finds the requested fee and hours spent on this matter to be reasonable under the circumstances. Also, the previously awarded fee of $5,150.00, as the smaller of the two fees recovered, must be refunded to Plaintiff by Plaintiff's counsel.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion, (Doc. No. 25), is **GRANTED**. The Court will award Plaintiff's counsel $15,000.00 for attorney's fees under 42 U.S.C. § 406(b) and **ORDERS** Plaintiff's counsel to reimburse Plaintiff the $5,150.00 previously awarded to her as attorney's fees under the EAJA.

**IT IS SO ORDERED**.

Signed: November 13, 2024

Frank D. Whitney
United States District Judge